UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELDREDGE LYN FULFORD            CIVIL ACTION

VERSUS            NO: 09-3946

MANSON CONSTRUCTION CO., ET AL.            SECTION: "A" (3)

## ORDER AND REASONS

Before the Court is a **Motion in Limine (Rec. Doc. 20)** filed by defendant Manson Construction Co. Plaintiff Eldredge Fulford opposes the motion. The motion, set for hearing on April 28, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

Plaintiff, Eldredge Fulford, filed this seaman's complaint alleging "serious injuries" to his back, knee, leg and other parts of his body when he fell on or about August 27, 2007, on Defendant's vessel. (Comp. ¶ 7). In answers to written discovery, Plaintiff clarified that the incident he was suing upon happened while he was running back and forth between a front-end loader and an excavator. (Rec. Doc. 14, Exh. B). The bottom step on the front-end loader was missing and Plaintiff slipped and fell to the ground while getting off the front-end loader. (Id.).

1

Via the instant motion in limine Defendant seeks to exclude Plaintiff's safety expert Jack Madeley from testifying at the trial of this matter.

## II. DISCUSSION

Defendant argues that Madeley's testimony does not meet the requirements of Federal Rule of Evidence 702.  Defendant points out that Madeley relies upon the applicability of OSHA regulations while failing to note that this accident occurred in the Commonwealth of The Bahamas where OSHA does not apply.  Defendant also contends that Plaintiff's incident falls within the common knowledge of the jury and that Madeley is simply rendering legal conclusions.

Federal Rule of Evidence 702 provides in relevant part:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise . . . .

Fed. R. Evid. 702.  District courts have wide latitude in determining the admissibility of expert testimony under Rule 702. Watkins v. Telsmith, Inc., 121 F.3d 984, 988 (5th Cir. 1997) (quoting Eiland v. Westinghouse Electric, 58 F.3d 176, 180 (5th Cir. 1995)).

Federal Rule of Evidence 704 provides in relevant part:

> [T]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

Fed. R. Evid. 704. Rule 704 abolishes the per se rule against testimony regarding ultimate issues of fact. Owen v. Kerr-McGee Corp., 698 F.2d 236, 239-40 (5th Cir. 1983 (citing United States v. Grote, 632 F.2d 387, 390 (5th Cir. 1980); United States v. Miller, 600 F.2d 498, 500 (5th Cir. 1979)). However, Rule 704 does not allow an expert witness to give legal conclusions or to simply tell the jury what result to reach. Id. (citing United States v. Fogg, 652 F.2d 551, 557 (5th Cir. 1982); United States v. Milton, 555 F.2d 1198, 1203 (5th Cir. 1977)). The question of whether a party's acts or omissions constitute "negligence" under the law calls for a legal conclusion. See Owen, 698 F.2d at 240.

Madeley is a safety engineer. After explaining the standards that employers should adhere to in light of federally-mandated safety regulations like OSHA, Madeley opines that Fulford's supervisor was aware that the bottom step was in need of repair, that Defendant allowed its workers to operate faulty and dangerous equipment, and that this omission on the part of Defendant more likely than not caused Plaintiff's injury. (Rec. Doc. 20, Exh. D). This proposed testimony is a quintessential example of a witness with very impressive credentials being used

3

to tell the jury what result to reach in this case--in other words, placing the imprimatur of "expert" on a legal conclusion. But this case is not complicated and does not require expert assistance to make a determination as to fault. As Plaintiff points out in his own opposition when defending the charge that Madeley's opinions are particularly objectionable given that the accident occurred in the Bahamas, "[t]he issues addressed by Mr. Madeley are general safety issues not issues specific to marine operations in the Bahamas." (Rec. Doc. 34 at 5). Issues of general safety and negligence are well within the province for a jury to decide without the aid of an expert.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine (Rec. Doc. 20)** filed by defendant Manson Construction Co. is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion to Strike Plaintiff's Response (Rec. Doc. 38)** is **DENIED** as moot.

May 6, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE